U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed October 25, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| COOL PARTNERS, INC., | § | |
| | § | CASE NO. 02-30446-hdh-7 |
| Debtor. | § | |
| | § | CHAPTER No.: 7 |
| | § | |
| ROBERT YAQUINTO, CHAPTER 7 TRUSTEE | § | |
| | § | |
| Plaintiff, | § | Adversary No.: 07-03361-hdh |
| | § | |
| v. | § | |
| | § | |
| ADMIRAL/MONITOR INSURANCE COMPANY, INC.; | § | |
| MONITOR LIABILITY MANAGERS, INC.; | § | |
| and ROYAL INDEMNITY CO. | § | |
| Defendants | § | |

### SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

On September 9, 2010, the Court heard argument on (1) the Motion of Arrowood Indemnity Company, Formerly Known As Royal Indemnity Company ("Royal") for Judgment, Attorneys Fees and Costs (DE 207), (2) the Motion for Judgment by Admiral Insurance Company ("Admiral") and Monitor Liability Managers, Inc. ("Monitor") (collectively, "Admiral/Monitor") (DE 201), and (3) Admiral/Monitor's Motion for Additional Findings and Conclusions (DE 215). After reviewing the parties' submissions, the oppositions thereto and the

785957

arguments of counsel, this Court hereby makes the following additional findings and conclusions in further support of and in supplement to its April 30, 2010 Findings of Fact and Conclusions of Law (DE 198):

1. Admiral/Monitor's Motion for Judgment (DE 201) is granted in part as to the Trustee, and denied in part to the extent directed to or concerning Royal. Admiral/Monitor are hereby awarded $70,000 against the Trustee.

2. Admiral/Monitor's Motion for Additional Findings and Conclusions (DE 215) is denied.

3. Royal's claims for subrogation and unjust enrichment are not barred by the statute of limitations.

4. Royal's cause of action for unjust enrichment arose when the first payment to Admiral/Monitor was made.

5. Royal's cross-claim against Admiral/Monitor was filed within two years of that payment.

6. Admiral/Monitor's statute of limitations argument in its Motion for Additional Findings and Conclusions (DE 215) was not argued at or preserved at the time of trial.

7. Alternatively, the savings statute (Tex. Civ. Prac. & Rem. Code section 16.064(a)) applies to render Royal's claims timely.

8. Royal's Motion for Judgment (DE-207) is granted, subject to revision of the prejudgment interest computation.

9. Royal is awarded damages in the amount of $987,981.86.

10. Royal also is awarded $1,228,909.76 in attorney's fees, expenses and costs. The Court finds that (a) this was a vigorously contested lawsuit that required the action of Royal's

counsel and experts, (b) the rates submitted are very reasonable, and (c) the time spent was reasonable.

11. Segregation of the fees would be virtually impossible because the equitable subrogation and unjust enrichment claims were intertwined with the fraud and other claims asserted in this lawsuit, all of which were based on the same set of operative facts.

12. The Court further concludes that Tex. Civil Prac. & Rem Code section 38.*001 et seq.* does apply. Alternatively, Admiral/Monitor are estopped by their own pleadings from claiming that this is not a contract dispute.

###END OF ORDER###

**PREPARED BY:**

Gale White
Anthony Miscioscia
Pa. State Bar Nos.: 46485 & 69215
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA  19103
Telephone: (215) 864-7000
Facsimile: (215) 864-7123

J. Mark Chevallier
State Bar No. 04189170
McGuire, Craddock & Strother, P.C.
2501 N. Harwood, Suite 1800
Dallas, Texas 75201
Telephone (214) 954-6807
Facsimile (214) 954-6850

ATTORNEYS FOR DEFENDANT,
ARROWOOD INDEMNITY COMPANY,
FORMERLY KNOWN AS
ROYAL INDEMNITY COMPANY

785957